UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

KONG MENG VUE,

           Petitioner,

    v.

WARDEN OF THE GOLDEN STATE
ANNEX DETENTION FACILITY, *et al.*,

        Respondents.

Case No. 1:25-cv-1713-JDP

ORDER

Petitioner Kong Meng Vue was admitted to the United States as a lawful refugee and, after serving a prison sentence for an aggravated felony, he was ordered removed in 2004. Petitioner was released on supervised release for more than twenty years until he was re-detained in 2025. Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking release on the basis that ICE failed to comply with its own regulations in re-detaining him. The court granted the petition, ordered petitioner's immediate release, and restrained respondents from re-detaining petitioner unless they first comply with the regulations. ICE re-detained petitioner on March 4, 2026, when he appeared for a scheduled check-in. He has now filed an emergency motion to enforce the court's judgment and injunction. For the reasons outlined below, petitioner's motion is denied.

1

**Background**

On or about September 16, 1988, petitioner was admitted to the United States as a lawful refugee, after coming from Laos; he later became a Lawful Permanent Resident. ECF No. 14-1 at 2. In December 2003, petitioner was convicted of vehicular theft under California Vehicle Code § 10851(a) and sentenced to sixteen months in prison. *Id*. On May 30, 2004, after serving his prison sentence, petitioner was taken into immigration custody and issued a Notice to Appear that charged him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii). *Id*. at 3. On June 7, 2004, an immigration judge ordered him removed from the United States to Laos or, in the alternative, Thailand; petitioner waived his right to appeal. *Id*. On or about September 6, 2004, ICE released petitioner and placed him on an order of supervision pending removal. *Id*.

More than twenty years later, on November 4, 2025, ICE revoked petitioner's order of supervision because it determined that petitioner "can be expeditiously removed from the United States pursuant to the outstanding order of removal." *Id*. at 3, 24. On December 3, 2025, an immigration judge denied petitioner's motion to reopen his immigration case, finding that such motion was untimely because it has been over twenty years since the removal order was issued; petitioner's appeal of that order was rejected. *Id*. at 3, 37, 40.

On December 2, 2025, petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking his immediate release from custody. On February 20, 2026, the court granted the petition, finding that ICE had failed to comply with federal regulations before re-detaining him in November 2025. ECF No. 21. In addition to ordering petitioner's immediate release, the court restrained respondents from re-detaining petitioner unless they first comply with all applicable requirements set forth in 8 C.F.R. § 241.13(i). *Id*. at 7.

On March 5, 2026, ICE re-detained petitioner in California. He has filed the instant motion, asking for his release "unless Respondents demonstrate that they fully complied with the regulatory prerequisites before detaining him." ECF No. 23 at 3. Respondents oppose, arguing that "ICE fully complied with its own regulations and this Court's order in re-detaining petitioner after it obtained travel documents from the government of Laos permitting ICE to immediately effectuate Petitioner's order of removal." ECF No. 25 at 4. On March 14, 2026, petitioner

informed the court that he has been transferred to an ICE staging facility in Louisiana where he "has been informed that removal may occur imminently." ECF No. 28.

**Legal Standard**

The court has "continuing jurisdiction to enforce [its] injunctions." *Crawford v. Honig*, 37 F.3d 485, 488 (9th Cir. 1994). Petitioner "has the burden of showing by clear and convincing evidence" that respondents "violated a specific and definite order of the court." *See Stone v. City & Cnty. of San Francisco*, 968 F.2d 850, 856 n.9 (9th Cir. 1992). The burden then shifts to respondents "to demonstrate why they were unable to comply." *See id.*

**Analysis**

Petitioner argues that respondents violated this court's February 20, 2026 order because ICE did not comply with the requirements set forth in 8 C.F.R. § 241.13(i) before re-detaining him. ECF No. 22. Respondents counter that ICE fully complied with such requirements. ECF No. 25.

The revocation of a petitioner's supervised release is governed by section 241.13(i), which allows for "revocation for removal" if it is determined that, "on account of changed circumstances, . . . there is a significant likelihood that the [noncitizen] may be removed in the reasonably foreseeable future." 8 C.F.R. § 241.13(i)(2). The regulations "indicate that, when ICE revokes release to effectuate removal, it is ICE's burden to show a significant likelihood that the [noncitizen] may be removed." *Yan-Ling X. v. Lyons*, No. 1:25-cv-01412-KES-CDB (HC), 2025 WL 3123793, at *4 (E.D. Cal. Nov. 7, 2025) (cleaned up) (collecting cases).

"The plain language of § 241.13(i)(2), does not allow a court, in the first instance, to make an individualized finding that a changed circumstances has occurred." *Hoac v. Becerra*, No. 2:25-cv-01740-DC-JDP, 2025 WL 1993771, at *3 (E.D. Cal. July 16, 2025). "Instead, to the extent ICE claims that it made such a determination, the court should review that claim in light of the factors set out in 8 C.F.R. § 241.13(f), instructing ICE on how it should make such a determination." *Id*. (internal quotation marks and citation omitted). Section 241.13(f), in turn, states that ICE:

3

> shall consider all the facts of the case including, but not limited to: the history of the alien's efforts to comply with the order of removal, the history of the Service's efforts to remove aliens to the country in question or to third countries, including the ongoing nature of the Service's efforts to remove this alien and the alien's assistance with those efforts, the reasonably foreseeable results of those efforts, and the views of the Department of State regarding the prospects for removal of aliens to the country or countries in question.

8 C.F.R. § 241.13(f).

Here, when the court had issued its prior order, the only evidence respondents proffered was that ICE had "initiated the process of obtaining travel documents from Laos." ECF No. 21 at 5. The court found that respondents failed to show that the initiation of the travel document process alone constituted a changed circumstance such that there was a significant likelihood that petitioner would be removed in the reasonably foreseeable future. *Id*. at 6.

Petitioner's current re-detention is different. On February 12, 2026, Laos issued a travel document for petitioner to enter the country anytime in the following ninety days. *See* ECF No. 25-2 at 2. On March 4, 2026, ICE re-detained petitioner and provided him with a notice stating that "ICE has obtained a travel document and scheduled your removal to take place no later than: 05/12/2026." ECF No. 25-1 at 2. That same day, petitioner was provided with a notice of imminent removal, which stated that ICE expected to effectuate his removal in March 2026. *Id*. at 5. Additionally, petitioner has been transferred to an ICE staging facility in Louisiana and been "informed that removal may occur imminently." ECF No. 28. This evidence establishes that changed circumstances are present in that there is now a "significantly likelihood that [petitioner] may be removed in the reasonably foreseeable future." *See* 8 C.F.R. § 241.13(i)(2).

Petitioner argues that there is no evidence that ICE consulted all regulatory factors before determining whether there was a significant likelihood that he may be removed in the reasonably foreseeable future. *See* ECF No. 23 at 2-3. Petitioner is likely referring to the factors set forth in section 241.13(f), which the court stated *supra*. Those factors, however, are only some of the factors that ICE must consider; indeed, the section begins by stating that ICE "shall consider all the facts of the case including, *but not limited to . . . .*" *See* 8 C.F.R. § 241.13(f) (emphasis added). The facts of petitioner's case—mainly, that ICE possesses a travel document—support

4

the finding that his supervised release could be revoked.  Moreover, petitioner does not argue that any factors set forth in section 241.13(f) weigh against ICE's finding; for example, petitioner does not allege that ICE is unable to remove noncitizens to Laos.  *See id*.  As such, there is no evidence or allegation that would lead the court to find that ICE should have made a contrary determination after consulting the regulatory factors.[1]  Consequently, petitioner has failed to meet his burden showing that respondents "violated a specific and definite order of the court."  *See Stone*, 968 F.2d at 856 n.9.

Accordingly, it is hereby ORDERED that petitioner's emergency motion to enforce judgment and injunction, ECF No. 23, is DENIED.

IT IS SO ORDERED.

Dated:     March 16, 2026     

_____
JEREMY D. PETERSON
UNITED STATES MAGISTRATE JUDGE

---

[1] Similarly, petitioner asks the court to "[o]rder respondents to produce the written determination and supporting analysis required under 8 C.F.R. § 241.13(i)."  ECF No. 23 at 3.  As noted, however, the court's role is not to review ICE's internal findings.  Rather, the court reviews ICE's determination in light of the regulatory framework.  *See Hoac*, 2025 WL 1993771, at *3.  As such, to the extent that petitioner argues that ICE did not comply with its regulations by not providing its internal analysis, such argument is unfounded.